■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN G. COLAVECCHIO, Appellant.— Order unanimously affirmed. *Coram nobis* proceedings must be brought in the court which entered the judgment under attack. (See *People* v. *Wilson,* 13 N Y 2d 277.) (Appeal from order of Onondaga County Court, denying motion to vacate judgment of Justice Court, Town of Camillus.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.

■ JOHN J. ALFIERI, JR., an Infant, by JOHN ALFIERI, His Father and Natural Guardian, et al., Appellants, v. ALFRED BUTLER et al., Doing Business as BUTLER'S MARKET, Respondents.— Judgment unanimously affirmed, without costs. Memorandum: Plaintiffs' expert testified that he and other architects in the Syracuse area recommend that driveway and parking areas be constructed without the use of loose gravel. That was not proper evidence upon the issue of the custom and practice in the Syracuse area with respect to construction of such areas, for which it was offered, and the court properly struck it. Since the expert's testimony also showed that there was common use of such construction in Syracuse, that testimony did not tend to establish the existence of a custom or practice different from that employed by defendants (see *Reisner* v. *New York Kosher Provisions,* 25 A D 2d 511), and the court properly excluded such evidence from the jury's consideration on the question of defendant's negligent construction and maintenance of the parking area in question (*McGee* v. *Adams Paper & Twine Co.,* 26 A D 2d 186, 197–198, affd. on opinion of Appellate Division, 20 N Y 2d 921; and, see, 1 N Y PJI 2:16, p. 109). The expert having demonstrated that there was no customary practice of parking lot construction different from that employed by defendants, we do not reach the question of the effect of CPLR 4515 and *Tarlowe* v. *Metropolitan Ski Slopes* (28 N Y 2d 410, 414) upon the latitude which the trial court should accord in the examination of an expert. (Appeal from judgment of Onondaga Trial Term, dismissing complaint in negligence action.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.